THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Michael
Frierson,        Appellant.
 
 
 

 
 
 Appeal From 
 Marion County
 John M. 
 Milling, Circuit Court Judge
 
 Unpublished 
 Opinion No.  2003-UP-135
 Submitted January 13, 2003  Filed February 19, 2003 
 
 AFFIRMED
 

 
 
 
 
 Deputy Chief Attorney Joseph L. Savitz, 
 III, of Columbia,for appellant. 

 
 Attorney General Henry Dargan McMaster, 
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Donald J. Zelenka, Senior Assistant Attorney General William Edgar 
 Salter, III, all of Columbia; and Solicitor Edgar Lewis Clements, III, of 
 Florence; for respondent.  

 
 
 

 
 PER CURIAM:  Michael Frierson appeals his convictions for three counts 
 of murder, two counts and assault and battery with intent to kill, first degree 
 burglary, conspiracy, and possession of a weapon during the commission of 
 a violent crime, arguing the trial court erred in explaining to the jury that 
 the law requires references to a defendant in a jointly-tried co-defendants 
 statement be redacted when the co-defendant does not testify.  
 We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  
 Schneble v. Florida, 405 U.S. 427, 430 (1972) (The mere finding of 
 a violation of the Bruton rule . . . does not automatically require 
 reversal of the ensuing criminal conviction.  In some cases the properly admitted 
 evidence of guilt is so overwhelming, and the prejudicial effect of the co-defendants 
 admission is so insignificant by comparison, that it is clear beyond a reasonable 
 doubt that the improper use of the admission was harmless error.); Cruz 
 v. New York, 481 U.S. 186, 193-94 (1987) ([W]here a nontestifying codefendants 
 confession incriminating the defendant is not directly admissible against 
 the defendant . . . the Confrontation Clause bars its admission at their joint 
 trial. . . .  Of course, the defendants confession may be considered at trial 
 in assessing whether his codefendants statements are supported by sufficient 
 indicia of reliability to be directly admissible against him . . . despite 
 the lack of opportunity for cross-examination, and may be considered on appeal 
 in assessing whether any Confrontation Clause violation was harmless.) (internal 
 citations omitted); State v. Howard, 295 S.C. 462, 468, 369 S.E.2d 
 132, 135-36 (1988) (We quote extensively here [from Cruz] to emphasize 
 that the United States Supreme Court has not condemned admission of a co‑defendants 
 confession but has merely shifted the focus of analysis.  Such a statement 
 will no longer be considered reliable simply because some of the facts it 
 contains interlock with the defendants own statement.  The presumption 
 of unreliability that applies to a co-defendants statement will be overcome 
 only if those portions of the statement concerning the defendants participation 
 are thoroughly substantiated by the defendants own confession.  Even when 
 this analysis is not applied at trial to determine the statements admissibility, 
 on appeal the same analysis is appropriate to determine whether any Confrontation 
 Clause violation was harmless.  Appellants statements mutually and completely 
 substantiated each other.  We hold any Confrontation Clause violation to either 
 appellant was harmless.) (internal citations omitted).  
 AFFIRMED.  
 GOOLSBY, HUFF, and SHULER, JJ., concur.